S90G0702. PONDER v. THE STATE.
(400 SE2d 922)

</div>

BENHAM, Justice.

Appellant did not directly appeal his conviction for several offenses committed while in prison, but was granted an out-of-time appeal in a habeas corpus proceeding. Counsel appointed to represent appellant on appeal filed a notice of appeal and took the case to the Court of Appeals. That court, in affirming appellant's convictions, held that his claims of ineffective assistance were waived because they were raised for the first time on appeal. This court granted certiorari to consider when, in the context of an out-of-time appeal, a claim of ineffective assistance of counsel must be raised so as to preserve the issue for review.

1. In *Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288) (1982), this court declined to address the issue of ineffective assistance of counsel because there had been no motion for new trial and trial counsel had not been heard on the issue. In *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986), noting that previously this court had not reviewed claims of ineffective assistance where the trial court had not ruled upon the issue, this court held that it is a requisite of a sound criminal justice system that claims of ineffective assistance of counsel be made at the earliest practicable moment, and remanded the case to the trial court. Reinforcing the importance of an early review in the trial court, this court held in *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987), that a claim of ineffective assistance of counsel is waived if appellate counsel files an amended motion for new trial but fails to raise the issue in that motion. Continuing the development of the policy of initial review in the trial court, *Dawson v. State*, 258 Ga. 380 (2) (369 SE2d 897) (1988), held that not only must the issue be raised in the motion for new trial, but the defendant must request an

evidentiary hearing. Noting that a defendant should have requested an evidentiary hearing by the time a motion for new trial is decided, this court held in *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989), that when appellate counsel comes into the case after a motion for new trial is decided, the case will be remanded for an evidentiary hearing. None of those cases addressed the situation in which appellate counsel does not come into the case until after the time for a direct appeal has run and an out-of-time appeal has been granted. However, in *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989), this court declined to address a claim of ineffective assistance of counsel because the defendant did not raise the issue in his original request for an out-of-time appeal or in the trial court after the request was granted.

We now hold expressly that which was intimated in *Bell*, supra: the proceeding in which an out-of-time appeal is sought is the proper time to raise the issue of ineffective assistance of counsel. When an out-of-time appeal is sought by means of a motion in the trial court, allegations of ineffective assistance of counsel are germane only insofar as they involve the denial of the defendant's right to appeal, that being the only issue before the trial court. Should the trial court grant the motion, however, the allegations of ineffectiveness become germane to whatever post-conviction relief is sought. The Court of Appeals noted in *Smith v. State*, 192 Ga. App. 246 (2) (384 SE2d 451) (1989), that it is understandable that a defendant would not raise the issue of ineffective assistance in the trial court after the grant of the out-of-time appeal because the

> defendant ostensibly is seeking only permission to file a direct appeal to an appellate court and not any form of post-conviction relief from the lower court itself. [Id. at 247.]

We believe that the scope of the permission given when an out-of-time appeal is granted must be broader than that. It should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal. The order of the habeas corpus court in the present case is exemplary in that regard because it directed that "post-trial remedies" must be commenced within 30 days of the filing of the order. We hold, therefore, that the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the

grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. See *Bell,* supra.

The situation is slightly different where, as here, the out-of-time appeal arises from a habeas corpus proceeding. To avoid unfairness arising from the relative appeal rights and right to counsel, a habeas court, when confronted with a claim of ineffective assistance of counsel which includes a claim of denial of the right to a direct appeal, should first address the denial of the right to an appeal. Upon a finding of such a denial, the habeas court should decline to rule on the remaining issues, without prejudice to any later habeas corpus action, and as was done herein, grant an out-of-time appeal, giving the petitioner 30 days to pursue post-conviction remedies. That places the petitioner in the same posture with the same rights as a defendant who is successful in seeking an out-of-time appeal from the trial court. In the event the habeas court determines that there was no deprivation of the right to appeal, it should then proceed with a determination of the other issues presented, including any allegations of ineffective assistance of counsel.

The procedure we outline here will settle the question of when a person pursuing an out-of-time appeal must present the issue of ineffective assistance of counsel to the trial court and will meet the goal expressed in *Lloyd v. State,* 258 Ga. 645, fn. 1 (373 SE2d 1) (1988), that such claims

be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas [corpus] court somewhere down the road.

2. Contrary to the holding of the Court of Appeals, appellant did raise the issue of ineffective assistance of counsel prior to the appeal: albeit unartfully and incompletely, appellant raised the issue in the habeas proceeding. In view of that fact and the fact that this court had not at that time addressed expressly the issue of whether a motion for new trial could be filed following the grant of a motion for out-of-time appeal, it would be manifestly unfair to deny appellant an opportunity to follow the procedure we have set out above. Giving Ponder access to the procedure we have established necessarily requires remand of this case to the trial court for the purpose of permitting him to file a motion for new trial. Because all other issues in this case have been dealt with on appeal, that motion will be limited to the issue of ineffective assistance of counsel. The portion of the Court of Appeals' opinion holding that appellant waived his right to raise the issue of ineffective assistance of counsel is reversed with direction to remand the case to the trial court in accordance with our holding above.

*Judgment reversed with direction. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Hugh D. Sosebee concur; Weltner, J., not participating.*

DECIDED FEBRUARY 26, 1991.

*Cheney & Cheney, Glen A. Cheney, Michael L. Chidester,* for appellant.

*Dupont K. Cheney, District Attorney, Mark S. Daniel, Assistant District Attorney,* for appellee.