A91A0822. BUCHANAN v. THE STATE.
(408 SE2d 721)

SOGNIER, Chief Judge.
Appellant was indicted on charges of possession of cocaine, ob-

struction of a police officer, and criminal interference with government property. He was convicted by a jury of all three charges, and he appeals from the judgment and sentence entered thereon.

1. Appellant contends the trial court erred by failing to hold a hearing on his motion to suppress evidence, which he filed pro se prior to appointment of counsel. Pretermitting the merits of such a motion,[1] we address the issue enumerated, which is the trial court's failure to hold an evidentiary hearing on the motion to suppress.

Our examination of the record does reveal a pro se motion captioned "Motion to Suppress Evidence Under Due Process of the Law." However, that motion in its entirety consists of the following: "Here comes the defendant in the above-styled matter and respectfully moves this Honorable Court to submit all evidence, and all witnesses, against the above-named defendant, on this 31st day of July 1990." A motion to suppress evidence illegally seized must comply with OCGA § 17-5-30, which provides, inter alia, that the motion must "state facts showing that the search and seizure were unlawful." Id. at (b). Thus, even were we to construe appellant's motion as one to suppress evidence, it failed to state any facts showing the search and seizure were unlawful and thus the trial court did not err by failing to hold an evidentiary hearing on the motion. See *Martin v. State*, 195 Ga. App. 548, 550 (3) (394 SE2d 551) (1990).

2. Appellant asserts that his appointed counsel was ineffective. Although the Supreme Court has, in a series of cases, remanded claims of ineffectiveness of counsel to the trial court when that issue was first raised on appeal, so as to avoid later habeas corpus petitions on that issue, see *Lloyd v. State*, 258 Ga. 645, n. 1 (373 SE2d 1) (1988), in reviewing claims of ineffectiveness of counsel that court has required that we consider whether the issue of ineffectiveness was raised by the new counsel "at the earliest practicable moment." *Thompson v. State*, 257 Ga. 386, 388 (359 SE2d 664) (1987).

In the case sub judice, appellant's present counsel filed the instant notice of appeal during the time within which a motion for new trial would have been appropriate but did not file a motion for new trial, in the context of which a claim of ineffectiveness of trial counsel could have been heard by the trial court. Given that present counsel could have filed a motion for new trial instead of filing the appeal (thus guaranteeing that the ineffectiveness claim would be heard by the trial court) but chose not to, we find the claim has been waived.

---

[1] We note, however, that the evidence in question consists of two rocks of cocaine found in appellant's coat pocket during a search of his person after arrest. Appellant does not contend his arrest was unlawful, and it is well established that "a search or seizure incident to a lawful arrest is a legal search. [Cit.]" *Bobbitt v. State*, 195 Ga. App. 566, 567 (394 SE2d 385) (1990).

"Currently, the rule appears . . . to be that [under these circumstances,] a challenge to the effectiveness of trial counsel will not be considered on appeal where it has not been raised in the trial court in such a manner as to enable the court to rule on it." *Huff v. State*, 191 Ga. App. 476, 477 (382 SE2d 183) (1989).

   *Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 11, 1991.

*William E. Frey*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.