S91A1529. SIXAYAKETH v. THE STATE.
(410 SE2d 112)

HUNT, Justice.

Sengratsamy Sixayaketh was convicted of felony murder, armed robbery, and burglary and was sentenced to two life sentences and a term of years.[1] He raises several enumerations of error in his pro se appeal.

When Bill Fortner and 15-year-old Steven Rogers stopped by Obie and Gladys Wilder's farm in Henry County, they interrupted a burglary. The defendant confronted Fortner and Rogers with a pistol and forced them to sit in a small room with 95-year-old Alma Shelton, who lived with the Wilders, while the defendant, who wore a red bandanna over his face, ransacked the house. As the Wilders arrived several minutes later, the defendant made Fortner walk outside while the defendant held his gun to Fortner's back. When Obie Wilder refused to turn over his wallet, the defendant shot him in the ankle. Fortner used the diversion to grab the defendant from behind. The defendant broke loose and, as Fortner attempted to run away, shot Fortner in the back. The defendant then shot Wilder, who was trying to get his rifle out of his truck, in the hip and fled. He was arrested several hours later when a store clerk, who listened to the police radio, observed him using a pay telephone outside the store, and notified the authorities. In a statement he himself wrote in English, the defendant claimed he shot Fortner in self-defense. The defendant did not testify at the trial.

At trial, the court-appointed interpreter was unavailable. The defendant, a native of Laos, who has lived in this country about ten years and speaks some English, nevertheless consented to proceed

---

[1] The crimes occurred on October 21, 1988. Sixayaketh was indicted on December 2, 1988, tried and convicted on January 27, 1990, and filed his pro se notice of appeal on February 21, 1990. The transcript was certified on February 28, 1991. The appeal was docketed in this court on August 16, and submitted for decision on September 27, 1991.

with the trial with the help of his 16-year-old sister, who is fluent in English. The defendant was instructed to tell his attorney if he did not understand the proceedings.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder, armed robbery, and burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. We have reviewed the remaining enumerations of error and hold the defendant has presented no grounds entitling him to a new trial. The defendant dismissed his court-appointed counsel after trial and did not file a motion for new trial. Since the defendant raised ineffective assistance of counsel for the first time on appeal, the case must be remanded to the trial court for further proceedings under *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).

*Judgment affirmed and remanded. All the Justices concur.*

DECIDED NOVEMBER 15, 1991.

Sengratsamy Sixayaketh, *pro se.*

Tommy K. Floyd, District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, for appellee.