A91A1860. WILLIAMS v. THE STATE.
(415 SE2d 67)

Birdsong, Presiding Judge.

Stephen M. Williams appeals his conviction of aggravated assault, armed robbery, and possession of a firearm during the commission of a crime, and the sentence.

About 11:00 p.m. on January 16, 1991, a grocery store was robbed by two black men wearing ski masks. One man, dressed in black or dark clothes, carried a handgun; the other, dressed in black pants with gold leopard-like spots on the side, carried a shotgun. The men took a money bag containing $2,800-$3,000 and ran from the store. A grocery worker followed and discharged a pistol in an attempt to halt the robbers.

Deputy Sheriff Golden, who was parked talking with another law enforcement officer "not a very far distance" from the store, testified that about 11:00 p.m. he heard shots and about five seconds later he received a radio call of a robbery in progress. About thirty seconds later, he observed, at a distance of about fifteen feet, two black males dressed in dark clothing headed in the same direction toward an alley; one was running and one was walking fast. About five seconds after the men disappeared in the dark, a green Cadillac with a pink top was driven in the same direction as the two men and proceeded into the alley; the Cadillac was traveling very slowly. About 30 seconds later, Golden made a radio call to Officer Little and informed him what he had observed. He saw no other persons walking in the area. Meanwhile Officer Little had arrived at the robbery scene, obtained a description of the suspects, and was leaving the store when he received the call from Deputy Golden. About the same time the radio call came in, Little observed the Cadillac; it was moving very slowly and the driver had his foot on the brake. Little observed two black males coming out of the bushes and jumping into the slow-moving car. Both men were wearing dark clothing. Officer Little followed "behind the car," and saw one male jump from the car with something long, which might have been a gun, in his hand. This man, who was wearing a dark sweater and black pants with designs on the side, ran into the woods. Officer Little followed the car, which turned into a dead-end, and arrested the two remaining occupants. The driver,

Larry Brown, was wearing a white or light colored shirt; the accused who was in the front passenger seat was dressed in a dark-colored jogging suit. The money bag from the store was found on the back floorboard behind the driver's seat in the Cadillac. The car belonged to Terry Moore who was shortly thereafter arrested a few blocks away wearing black pants with a leopard-like design on the sides and a dark sweater.

The three men were tried jointly; no motion was made to sever. The pretrial statement of each accused, denying complicity in the crimes, was introduced by the State. Moore and Brown testified in their own behalf and denied complicity in the crimes; appellant elected to remain silent. *Held*:

1. Appellant asserts insufficiency of evidence claiming there exists only evidence of his mere presence with the other defendants sometime after the commission of the crime. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts that legal error was made by the conflict of interest committed by one attorney representing all three defendants at one trial despite inconsistencies in various defenses. Specifically, appellant argues he was denied effective assistance by this procedure. See generally *Wilson v. State*, 257 Ga. 352 (359 SE2d 661) (whenever a trial court improperly requires joint representation over timely objection, reversal is automatic).

The record reflects that trial was conducted without motion for severance or without objection by trial defense counsel on the grounds of conflict of interest in joint representation of co-defendants, and that following trial a new counsel assumed the duties as appellant's counsel. On June 27, 1991, this new attorney filed a timely notice of appeal within 30 days of the filing of the orders of final disposition of sentence in this case; however, no motion for new trial was timely filed raising the issue of inadequacy of counsel due to conflict

of interest and no evidentiary hearing was requested before the trial court. Under such circumstances, the issue has been waived as it was not raised by appellate counsel at the earliest practicable moment. This case is distinguishable from *Johnson v. State*, 259 Ga. 428, 430 (383 SE2d 115) where the claim of ineffective assistance was raised only on appeal by new counsel and "there was no opportunity for a hearing before the trial court." New counsel concedes in the appellant's brief that: "A particular problem with [appellant's] position here is that the issue of a conflict was not raised prior to trial. It should not be forgotten that appellant is twenty (20) years of age, has no past record, and presumably no familiarity with the complex legal system, and did not recognize the importance of having individual counsel." Thus, appellant's counsel clearly recognized the need for presenting timely the issue of adequacy of counsel to the trial court for adjudication. In this case the record reflects that new counsel had an opportunity to file both a timely motion for new trial and a request for evidentiary hearing (see generally OCGA § 5-5-40 (a)); however, this was not done, and new counsel did not request an extension of time in which to file notice of appeal (OCGA § 5-6-39 (a) (1)) in order that the trial court could be given an opportunity to consider the issue of inadequacy of counsel. Rather, new counsel elected to file notice of appeal on June 27, 1991, within 30 days of the entry of the orders of final disposition as to sentence, and to raise the inadequacy issue for the first time on appeal in an enumeration of error. As counsel has failed to raise the issue of inadequacy of counsel at "the earliest practicable moment," the issue is waived and it is unnecessary to discuss the merits. See *Dawson v. State*, 258 Ga. 380 (369 SE2d 897); *Thompson v. State*, 257 Ga. 386 (359 SE2d 664); *Rigenstrup v. State*, 197 Ga. App. 176, 180 (3) (398 SE2d 25); *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407); compare *Ponder v. State*, 260 Ga. 840, 841-842 (400 SE2d 922) (holding inter alia that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing), decided February 26, 1991, several months before notice of appeal was filed in this case.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 31, 1992.

*Saliba & Moore, George M. Saliba II*, for appellant.
*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assis-*

*tant District Attorney*, for appellee.