## A91A2115. MILLER v. THE STATE.
### (415 SE2d 701)

Judge Arnold Shulman.

The appellant brings this appeal from his convictions of two counts of aggravated assault.

1. The appellant contends on appeal that he did not receive effective assistance of counsel during the trial. The appellant's trial counsel filed a notice of appeal on September 14, 1990; and the appellant's current counsel did not begin representing him until sometime thereafter. Consequently, the appellant cannot be deemed to have waived this ground for appeal. See generally *Johnson v. State,* 259 Ga. 428 (3) (383 SE2d 115) (1989). Accordingly, because the trial court has not yet had an opportunity to rule on the ineffectiveness of counsel claim, we remand the case for an evidentiary hearing on this issue. See *Brown v. State,* 199 Ga. App. 856 (1) (406 SE2d 516) (1991).

2. The appellant abducted a third victim, Crowe, in Newton County and forced him at gunpoint to "drive to Florida." Approximately one hour after the abduction the appellant caused Crowe to stop at a convenience store located in Henry County, and there Crowe overpowered the appellant and escaped. The appellant contends that the admission of Crowe's testimony as to the events which occurred in Newton County impermissibly placed his character into evidence because it involved testimony about a crime for which he was not on trial. " '[I]f the separate crime was committed as part of the same transaction as that for which the accused is being tried, and forms a part of the res gestae' it is admissible. . . ." *Presley v. State,* 177 Ga. App. 611, 613 (2) (a) (340 SE2d 253) (1986). Under the circumstances, the alleged similar transaction evidence was part of the res gestae of the crimes charged. Consequently, this enumeration affords no basis for reversal.

3. The appellant contends that the evidence was insufficient to support the convictions because both of the victims of the alleged assault testified that they believed, but were not absolutely positive, that the appellant was the perpetrator. However, there was additional testimony which showed that the appellant committed the crimes. First, a police officer testified that he witnessed the appellant point a

gun at these victims. Additionally, the appellant acknowledged that he had approached the victims as he was running away from the police, although he denied pointing his gun at them and stated that he could not recollect whether he had made a demand for their car keys. " 'The weight of the evidence and the credibility of witnesses are questions for the triors of fact.' " *Arnold v. State*, 193 Ga. App. 206, 207 (1) (387 SE2d 417) (1989). Under the circumstances, we hold that the evidence was sufficient to enable a rational trier of fact to find the appellant guilty of the offenses charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed with direction. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1992.

*James P. Brown, Jr., Joan E. R. Risher*, for appellant.
*Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.