A92A1270. KELLY v. THE STATE.
(420 SE2d 651)

McMURRAY, Presiding Judge.

Defendant Kelly appeals his conviction of the offenses of armed robbery and aggravated assault. *Held*:

1. In his first two enumerations of error, defendant attempts to assert issues which were not preserved by defendant's objections at trial. " 'If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground.' [Cits.] An objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal." *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395).

Defendant's first enumeration of error relates to the State's use of a witness's prior inconsistent statement. The only objection at trial was that the prosecuting attorney was reciting the entire statement without breaking it into segments, while the issues argued on appeal are that the State did not lay a proper foundation to introduce the prior statement and that the trial court erred in allowing the State to

read the statement with the jury present.

The second enumeration of error deals with the admission into evidence of one of the State's exhibits, the bloodstained shirt which the victim was wearing at the time of the aggravated assault. Defendant's only objection at trial was to the relevance of the exhibit, while on appeal he contends that the exhibit was presented to inflame and prejudice the jury, and was improperly admitted during re-direct examination of a witness.

2. Defendant's final enumeration of error contends that the evidence presented at trial was not sufficient to authorize his conviction. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737)." *Williams v. State*, 202 Ga. App. 650, 651 (1) (415 SE2d 67).

The evidence stated in the light most favorable to supporting the verdict shows that the victim was home alone when a neighbor, having trouble with an overheating automobile, arrived accompanied by defendant. The victim had never seen defendant before that day. After putting some water in the car, the neighbor and defendant left. Approximately 15 minutes later the defendant returned alone. Defendant requested a loan of $20 from the victim. After the victim refused to make such a loan, defendant threatened the victim with a knife, cutting a chair and then stabbing the victim and striking him about the head with a pot. Defendant continued stabbing the victim with various utensils even after he surrendered his wallet containing $82. The victim received over 50 stab wounds and was blinded in one eye. There was ample evidence from which a rational trier of fact could find defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Williams v. State*, 202 Ga. App. 650, 651 (1), supra.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JULY 2, 1992.

*E. Ronald Garnett*, for appellant.

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas, Katherine F. Bond*, Assistant District Attorneys, for appellee.