## A92A1559. LEE v. THE STATE.
(423 SE2d 29)

McMurray, Presiding Judge.

Defendant Lee appeals his conviction of the offense of burglary. *Held*:

1. An off-duty police officer was driving past the Dougherty County Health Department building at approximately 10:46 p.m. when he noticed two persons walking in the hallway of the building. The officer was aware of previous burglaries of the building and decided to investigate. When the officer approached the building, he saw defendant trying to open the back door from the inside and a companion bringing some boxes. The officer called for backup but the two men inside the building had fled by the time assistance arrived. One of the backup units spotted two men fleeing the scene and apprehended defendant, while the accomplice escaped. A subsequent investigation revealed that entry to the building had been gained by removing an air conditioning duct from the roof. Inside the building the door had been removed from a soda machine and change was scattered on the floor. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Miller v. State*, 202 Ga. App. 745 (3), 746 (415 SE2d 701).

2. Defendant enumerates as error the admission into evidence of testimony concerning three previous convictions of defendant for burglary without a sufficient showing of similarity. However, defendant's only objection before the trial court in regard to the similar crime evidence was that it was irrelevant, immaterial, and prejudicial since defense counsel had stipulated that defendant had been charged with and pled guilty to the prior crimes. "The very *first* time that [defendant] has *ever* urged· that the State failed to meet its evidentiary burden of showing that his prior conviction was for a sufficiently 'similar' crime is in the brief that he filed with this court in support of the instant appeal. . . . [T]o warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. If the argument that [defendant] advances in his brief had been raised in the form of an objection in the trial court, it is possible that . . . [it] might warrant a reversal of [defendant's] conviction. In the absence of such an objection, however, any discussion of . . . [the issues now raised by defendant] in the instant case is inappropriate." *Hunter v. State*, 202 Ga. App. 195, 196 (3), 198 (413 SE2d 526).

3. The trial court did not err in admitting into evidence photographs of the building burglarized in the case sub judice. Although the photographs in question were taken during the day while the crime occurred at night, and show a tinting of certain glass in the building that was done subsequent to the burglary, we find no abuse

of the trial court's discretion in admitting this evidence. *Thomas v. State*, 146 Ga. App. 530 (3) (246 SE2d 514).

4. Nor did the trial court err in excluding from evidence certain letters. The individuals who wrote these letters did not testify, therefore, the letters were pure hearsay and were inadmissible in the absence of a foundation pursuant to OCGA § 24-3-14. *Conner Ins. Agency v. Strauch*, 198 Ga. App. 536, 537 (2) (402 SE2d 129).

5. Contrary to defendant's assertion, the transcript shows that the trial court conducted a presentence hearing in compliance with OCGA § 17-10-2 (a). Defendant's trial counsel presented argument in extenuation and mitigation of punishment, but made no objection to the procedure utilized.

6. Defendant's final enumeration of error contends that his trial counsel was ineffective. However, since the ineffectiveness claim was not raised at the earliest practical moment, it is waived. As in *Buchanan v. State*, 200 Ga. App. 416, 417 (2) (408 SE2d 721), "present counsel filed the instant notice of appeal during the time within which a motion for new trial would have been appropriate but did not file a motion for new trial, in the context of which a claim of ineffectiveness of trial counsel could have been heard by the trial court." Id. at 417.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 16, 1992 —
RECONSIDERATION DENIED OCTOBER 1, 1992.

*Dorough & Sizemore, W. James Sizemore*, for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.