A92A2329. KING v. THE STATE.
(430 SE2d 640)

Justice George H. Carley.

Appellant was tried before a jury and found guilty of possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant urges that the trial court considered inadmissible evidence during the sentencing phase. "Where the record has shown that illegal evidence *has been considered* in the presentence hearing, the appellate courts have generally granted a new trial on the issue of punishment. . . . [Cits.] . . . 'Nevertheless, there is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision ([cit.]).' " (Emphasis supplied.) *Workman v. State*, 137 Ga. App. 746, 749 (7) (224 SE2d 757) (1976).

The record in the instant case shows that the evidence which appellant now contends to be inadmissible was admitted without objection. Thus, there was no affirmative ruling by the trial court on the admissibility of the evidence. The record further shows that the trial court enumerated its reasons for imposition of the sentences and did not include therein the evidence which appellant now contends to be inadmissible. "[I]n the absence of any indication that [the trial court]

relied on the material . . . , we find the presumption to be·unrebutted, and that no error was committed." *Watkins v. State*, 191 Ga. App. 87, 92 (8) (381 SE2d 45) (1989).

2. Within the 30 days following the trial court's entry of a judgment of conviction and sentence on the jury's guilty verdict, appellant secured new counsel who filed the instant appeal and raised the issue of the effectiveness of appellant's trial counsel. The State urges that this issue has been waived because appellant's new counsel elected to file an immediate appeal to this court rather than to pursue a motion for new trial in the trial court.

Several cases of this court, including *Buchanan v. State*, 200 Ga. App. 416, 417 (2) (408 SE2d 721) (1991); *Williams v. State*, 202 Ga. App. 650, 651 (2) (415 SE2d 67) (1992); and *Lee v. State*, 205 Ga. App. 659, 660 (6) (423 SE2d 29) (1992), support the State's contention that the issue has been waived. Those cases are, however, in conflict with controlling Supreme Court authority. *Sixayaketh v. State*, 261 Ga. 690, 691 (2) (410 SE2d 112) (1991). Those cases are also in conflict with this court's controlling whole-court authority. "The record shows that appellant's appellate counsel filed a timely notice of appeal. . . . Under these circumstances, neither *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987) nor *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988) are authority for the proposition that the issue of the ineffectiveness of appellant's trial counsel has been waived. 'In the present case, appellate counsel did not represent (appellant) at trial or at [a] motion for new trial. Therefore, the requirement of *Thompson* that the issue of ineffectiveness must be raised at the time of the amended motion for new trial by a new attorney who files a motion for new trial does not preclude the issue here. . . . (T)he requirement of *Dawson v. State*, supra, that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is raised for the first time on appeal. . . . Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing at this point.' [Cit.]" *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990).

The whole-court decision in *Parrish* has since been recognized as controlling and applied. "Although appellant's current attorney made her appearance of record before the expiration of the 30[-]day period for the filing of a motion for new trial under OCGA § 5-5-40 (a), no motion for new trial was filed. Nonetheless, under this court's holding in *Parrish v. State*, [supra], the lack of any opportunity for a hearing before the trial court requires that we remand this case for an evidentiary hearing on the issue of the asserted ineffectiveness of appellant's

trial counsel." *Adams v. State*, 196 Ga. App. 804, 806 (2) (397 SE2d 153) (1990). See also *Brady v. State*, 207 Ga. App. 451 (2) (428 SE2d 373) (1993).

It follows that insofar as *Buchanan*, supra at 417 (2); *Williams*, supra at 651 (2); *Lee*, supra at 660 (6), and any other decision of this court holding that the issue of the effectiveness of trial counsel has been waived if new counsel elects to file a direct notice of appeal rather than a motion for new trial, they are contrary to the controlling authority of the Supreme Court and this court's whole-court decision in *Parrish v. State*, supra at 762 (4), and they are hereby overruled. Accordingly, the instant "case must be remanded for an evidentiary hearing on the issue of the asserted ineffectiveness of [appellant's trial counsel]. 'If the trial court finds (appellant) was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to (appellant), (appellant's) right to appeal that order within thirty days is preserved. (Cit.)' [Cit.]" *Parrish v. State*, supra at 762 (4).

*Judgments affirmed and case remanded with direction. McMurray, P. J., Birdsong, P. J., Cooper and Andrews, JJ., concur. Pope, C. J., Beasley, P. J., Johnson and Blackburn, JJ., concur specially.*

POPE, Chief Judge, concurring specially.

I agree that the whole court case of *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990) is controlling as to Division 2 and that his case must therefore be remanded to the trial court for a hearing on defendant's ineffective assistance of counsel claim. However, I am compelled to write separately to express my concern with the line of cases that both appellate courts have rendered that has resulted in what Justice Fletcher recently described as "a confusing tangle of procedural rules regarding when to assert a claim of ineffective assistance of trial counsel." *Maxwell v. State*, 262 Ga. 541, 543 (422 SE2d 543) (1992) (Fletcher, Justice, concurring specially).

As noted by the majority, this court has issued several panel decisions that correctly follow *Parrish* and its progeny. On the other hand, this court has also issued numerous panel decisions that ignore the holding in *Parrish*, and, in some cases, rely instead on cases decided prior to *Parrish* that were implicitly, though not specifically, overruled by *Parrish*.[1] These cases, contrary to the holding in *Parrish*, have held that the issue of trial counsel's ineffectiveness is waived if new counsel who enters the case before the expiration of the 30-day

---

[1] *Lee v. State*, 205 Ga. App. 659 (423 SE2d 29) (1992); *Williams v. State*, 202 Ga. App. 650 (415 SE2d 67) (1992); *Buchanan v. State*, 200 Ga. App. 416 (408 SE2d 721) (1991); *Watts v. State*, 200 Ga. App. 54 (1) (406 SE2d 562) (1991); *McJunkin v. State*, 199 Ga. App. 353 (405 SE2d 110), cert. denied, 199 Ga. App. 906 (1991).

period during which a motion for new trial could be filed elects instead to file a direct appeal and therein asserts for the first time the ineffectiveness of trial counsel.[2] Thus, while we are bound by *Parrish*, it is obvious that this court is not in complete accord that *Parrish* reaches the proper result in remanding for a hearing on the issue of ineffectiveness of trial counsel.

My review of several of our Georgia Supreme Court decisions dealing with this issue reveals equally muddy waters. In *Sixayaketh v. State*, 261 Ga. 690, 691 (2) (410 SE2d 112) (1991), the defendant dismissed his court-appointed counsel after trial and did not file a motion for new trial. However, proceeding pro se, defendant filed a timely notice of appeal raising for the first time the issue of trial counsel's ineffectiveness. The Supreme Court held that under these circumstances the case should be remanded to the trial court for a hearing on defendant's ineffective assistance of counsel claim.

While *Sixayaketh* provides direct authority for the result reached by the majority in this case, it is interesting to note that the Georgia Supreme Court denied certiorari in *McJunkin*, see footnote 1, supra, which reaches the opposite result of *Parrish*. Moreover, both *Parrish* and *Sixayaketh*, seem inconsistent with the often repeated mandate that to preserve an ineffectiveness claim for appellate review it must be raised at the "earliest practicable moment."

Another inconsistency becomes obvious in attempting to reconcile these "timely" direct appeal cases (wherein new appellate counsel has elected to proceed by filing a notice of appeal rather than a motion for new trial), with the procedure set forth in *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991) and more recently in *Maxwell v. State*, 262 at 542 (3) for out-of-time appeal cases. In *Ponder* the Supreme Court held that when permission to file an out-of-time appeal is granted, appellate (new) counsel must file a motion for new trial in the trial court within the 30 days granted for filing the out-of-time appeal or the issue of trial counsel's ineffectiveness is waived.

More recently, in *Maxwell* the Supreme Court considered the question of whether the procedure set forth in *Ponder* must be followed even if the defendant has already filed and been denied a motion for new trial prior to the grant of permission to file an out-of-time appeal. The Court answered the question in the affirmative, ruling "that a defendant who has had one motion for new trial may file a second motion for new trial within 30 days after the grant of an out-of-time appeal." *Maxwell*, 262 Ga. at 543. In reaching this result, the Court, relying on the rationale set forth in *Ponder*, noted "that the

---

[2] A review of these decisions shows that a majority of judges now serving on this court have authored or concurred in opinions so holding.

grant of an out-of-time appeal permits a defendant, by the grace of the court, to start the post-conviction process anew." (Footnote omitted.) *Maxwell*, 262 Ga. at 542-543. Pursuant to the holdings in *Ponder* and *Maxwell* the out-of-time defendant *must* file a motion for new trial to avoid waiver of an ineffectiveness claim, while under *Sixayaketh* and *Parrish* and its progeny a defendant who acts within 30 days of entry of judgment can choose not to pursue that claim at the first instance in the trial court by filing a motion for new trial but can elect instead to raise the ineffectiveness issue for the first time on appeal with the knowledge that the case will be remanded for a hearing on that issue. This to me seems inconsistent.

Another inequity appears when we compare *Parrish* and cases such as the one at bar with those cases in which new counsel does file a motion for new trial or amended motion for new trial but fails to raise the ineffectiveness issue, and the appellate courts thereafter hold that issue is waived when later asserted for the first time on appeal. See, e.g., *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987). It seems to me that the unintended result is that appellants in criminal cases (or their counsel) may decide it is safer to forego filing motions for new trial and proceed immediately to the appellate court, thereby creating a situation which is the antithesis of judicial economy and is in direct contravention to the stated goal of having these issues decided at the "earliest practicable moment."

The time has come to unweave "the incredible tangle of special rules of procedure that apply when [an ineffective assistance of counsel] claim is asserted." *Maxwell*, 262 Ga. at 543 (Fletcher, Justice, concurring specially). The best solution would be to implement a procedure, through the enactment of appropriate legislation, whereby the trial court would determine the effectiveness of counsel as a matter of course following every criminal trial in this state. This would obviate the need for the myriad of procedural rules, promote judicial economy by halting the practice of shuffling these cases back and forth between the lower and appellate courts, and most importantly, would allow these claims to be considered in the appropriate forum at the "earliest practicable moment."

BEASLEY, Presiding Judge, concurring specially.

I concur in Division 1 but not fully in Division 2. I concur only because I am bound by *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990). I agree with Chief Judge Pope for the most part, but I do not join in his suggestion for a solution.

In my view, the better practice would be to require defendants who wish to claim that trial counsel was constitutionally ineffective to present that claim "at the earliest practicable moment," in the words of *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). That

should mean, when new counsel enters the case before the judgment is appealed, by motion for new trial, or amendment to motion for new trial, or extraordinary motion for new trial after the time for motion for new trial has passed or such a motion has been denied. OCGA § 5-5-41 (a) *and* (b). Although an extraordinary motion does not extend the time for filing a notice of appeal, a 30-day extension for filing the notice can be sought. OCGA § 5-6-39 (a) (1) and (c). It can also be done after permission to file an out-of-time appeal has been obtained and before the notice for such is filed. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991). There is ample opportunity, under orderly procedure readily available, for raising the issue at the trial court level while the case is still there, witnesses are available, memories are fresh, and an optimum quality hearing can be held. This avoids the long delay in final disposition of the case, with all of delay's evil consequences.

When defendants are allowed to remain mum about the issue until the appeal is eventually ruled on and they gain a return to the trial court for consideration of an issue which could have been dealt with a year or more before, the procedure becomes, in my view, an abuse of process and a disservice to the constitutional mandate for the "speedy, efficient, and inexpensive resolution of . . . prosecutions." Ga. Const. 1983, Art. VI, Sec. IX, Par. I. It wastes judicial resources, requiring the trial court to resurrect its recollection after a much greater time lapse from the time of trial and in most instances requires piecemeal appeal.

If there is some valid reason the issue is not raised and ruled on at the earliest practicable moment, then the avenue of habeas corpus is available. *Requiring* timely raising, with the clear sanction of waiver, would in most cases result in resolution of the issue, if there is an arguable one, before any direct appeal, and would serve to afford a speedier trial in needful cases, without the delay of a remand.

It is not necessary to determine effectiveness as part of the procedure in every criminal case, as suggested in the special concurrence. This would bog down the system with unfounded inquiries or could even lead to cursory decisions on the question because it becomes routine. It would require new counsel to enter every criminal case so that the record, which would have to be prepared, can be reviewed. New counsel would have to interview trial counsel and comb the record for indicia of ineffectiveness and would have to investigate defendant's complaints about trial counsel's actions, or inactions, which are outside the record. The trial court cannot represent the defendant in ascertaining flaws in trial counsel's performance.

Moreover, a hearing will have to be conducted in most cases. This issue would then automatically be a part of every criminal appeal.

In the case of *Sixayaketh v. State*, 261 Ga. 690 (410 SE2d 112)

(1991), considered by the majority as controlling, defendant was proceeding pro se. For him, proceeding without the aid of counsel, the earliest practicable moment to complain of trial counsel's representation may well have been on direct appeal.

I am authorized to state that Judge Johnson and Judge Blackburn join in this special concurrence.

DECIDED MARCH 19, 1993.

*Bruce F. Morriss, Daniel Shim,* for appellant.
*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Carl P. Greenberg, Assistant District Attorneys,* for appellee.