## S95A1791. GLOVER v. THE STATE.

(465 SE2d 659)

SEARS, Justice.

The appellant, Wayne Glover, was convicted of the malice murder of Ronnie Merriweather and sentenced to life in prison.[1] He raises three issues on appeal. We conclude that two of them are without merit. The third issue, however, necessitates that we overrule several cases concerning when the right to raise a claim of ineffective assistance of trial counsel is procedurally barred, and that we remand Glover's case to the trial court for a hearing on his claim of ineffective assistance of trial counsel.

1. Glover contends that the evidence is insufficient to support the verdict. We disagree, however, as the evidence was sufficient for a rational trier of fact to find that Glover and Merriweather argued at a Labor Day cookout on September 5, 1994, because Merriweather ridiculed Glover's construction of two stereo speakers, and that Glover became angry and shot Merriweather even though Merriweather was unarmed and made no threatening gestures toward Glover. We conclude that the evidence satisfies the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Glover next contends that his trial counsel rendered ineffective assistance in several respects. We need not, however, address the merits of this issue, as the ineffectiveness claim has yet to be addressed by a trial court, and is either procedurally barred or subject to remand for a hearing. The relevant facts are as follows: Glover was convicted on February 15, 1995, and the verdict was filed on February 23. Glover was appointed new counsel for appeal on March 6, 1995,[2] and on March 14, appellate counsel elected to file a notice of appeal rather than a motion for new trial. The issue is whether Glover's failure to raise the ineffectiveness claim by motion for new trial before appeal, when there was an adequate opportunity to do so, is a procedural bar

---

[1] The crime occurred on September 5, 1994, and Glover was indicted on October 11, 1994. A jury found him guilty on February 15, 1995, and the verdict was filed on February 23, 1995. Glover filed a notice of appeal on March 14, 1995, and the court reporter certified the trial transcript on July 14, 1995. The appeal was docketed in this Court on August 7, 1995, and was orally argued on January 8, 1996.

[2] The record does not reflect the date of appellate counsel's appointment, but appellate counsel states in Glover's brief that she was appointed on March 6, 1995.

to raising that claim at a later time. Both this Court and the Court of Appeals have held that there is no waiver under these circumstances, but that instead the claim must be remanded to the trial court for a hearing, with the defendant having the right to appeal again if he does not prevail on remand.[3]

We conclude, however, that these cases have been incorrectly decided and must be overruled. *Sixayaketh v. State*, 261 Ga. 690 (410 SE2d 112) (1991); *Dozier v. State*, 217 Ga. App. 835, 836 (3) (459 SE2d 463) (1995); and *King v. State*, 208 Ga. App. 77, 78-79 (2) (430 SE2d 640) (1993) are inconsistent with the "axiomatic [rule] that a claim of ineffectiveness of trial counsel must be asserted at 'the earliest practicable moment.'"[4] In cases presenting similar but not identical factual contexts as this case, we have made clear that the rule that an ineffectiveness claim must be raised "at the earliest practicable moment" requires that that claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.[5] We conclude that this line of cases represents a more reasoned approach to this issue than that expressed in *Sixayaketh*, *Dozier*, and *King*,[6] and thus overrule *Sixayaketh*, *Dozier*, and *King*. Accordingly, we hold that a defendant's failure to raise a claim of ineffectiveness before appeal under the circumstances of this case is a procedural bar to raising the claim at a later date. We also conclude, however, that, given the holdings of *Sixayaketh*, *Dozier*, and *King*, it would be unfair to hold that Glover is procedurally barred from rais-

---

[3] *Sixayaketh v. State*, 261 Ga. 690 (410 SE2d 112) (1991); *Dozier v. State*, 217 Ga. App. 835, 836 (3) (459 SE2d 463) (1995); *King v. State*, 208 Ga. App. 77, 78-79 (2) (430 SE2d 640) (1993).

[4] *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994).

[5] *Chatman v. State*, 265 Ga. 177 (2) (453 SE2d 694) (1995); *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994); *Owens v. State*, 263 Ga. 99, 102 (428 SE2d 793) (1993); *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992); *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

[6] The rule of *Sixayaketh*, *Dozier*, and *King* — that new appellate counsel may bypass an opportunity to raise ineffectiveness of trial counsel before appeal by way of a motion for new trial and then raise the issue on appeal and be entitled to a remand to the trial court for a resolution of the issue — unnecessarily wastes judicial resources by requiring an appellate court to twice engage its machinery to fully address a defendant's case when once would suffice (this is so if the defendant is unsuccessful through the completion of the appellate process). Further, the initial appeal and remand permitted by *Sixayaketh*, *Dozier*, and *King* typically will cause the initial hearing on the ineffective assistance issue to occur substantially later than if it had been heard pursuant to a motion for new trial before appeal, and will accordingly delay the final resolution of the issue as well. The initial delay in hearing the issue also creates the possibility that key participants will have difficulty recalling facts critical to resolving the claim. The foregoing problems would not arise, or would be significantly alleviated, if new appellate counsel had to raise the ineffectiveness claim before appeal by way of motion for new trial.

ing his claim. We therefore remand his ineffectiveness claim to the trial court for a hearing.

3. We find no merit to Glover's remaining contention that the trial court erred by limiting Glover's cross-examination of a witness concerning a felony charge pending against the witness.

*Judgment affirmed in part and case remanded in part. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Bush, Crowley, Leverett & Leggett, Michelle L. Schieber,* for appellant.

*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.