A97A1183. PRICE v. THE STATE.
(491 SE2d 210)

SMITH, Judge.
Dock Price appeals his conviction and sentence on three counts of child molestation and three counts of aggravated child molestation, contending that he was denied effective assistance of counsel and deprived of his constitutional right to appointed counsel on appeal, that the trial court erred in holding a joint trial, and that the evidence was insufficient to support the convictions. Finding no merit in any of Price's claims, we affirm the judgment below.

Price was indicted with his brother Charles Price on multiple counts of child molestation, aggravated child molestation, and aggravated sodomy. At a joint trial, the trial court granted a directed verdict of acquittal as to four counts in the indictment, and Price was found guilty by a jury of all remaining counts. Following sentencing, the trial court appointed Charles Price's trial counsel to represent both defendants on appeal. Counsel filed a motion for new trial on behalf of both defendants. The motion was denied, and counsel filed a notice of appeal on behalf of both defendants. Because counsel failed to file a brief and enumeration of errors after being ordered to do so, Dock Price's appeal was dismissed by this Court. Acting pro se, Dock Price then filed a habeas corpus petition, and the habeas court directed that he be granted an out-of-time appeal. The trial court granted the out-of-time appeal and appointed current counsel to represent Price. Current counsel did not file a motion for new trial in the trial court, but immediately instituted this appeal by filing a notice of appeal.

After briefs were filed in this Court, Price moved to strike the State's brief on the ground that a conflict of interest existed, in that before being elected to his present position, the District Attorney had represented Price on the trial of this case. We remanded the case to the trial court for an evidentiary hearing on this issue. During the remand, Price filed an extraordinary motion for new trial in the trial court, alleging ineffective assistance of trial and previous appellate counsel. The trial court denied Price's motion to disqualify the entire staff of the District Attorney's office but ruled that the District Attorney, who had been Price's trial counsel, and one present Assistant District Attorney with whom he had a previous business relationship at the time of Price's trial, would be disqualified from representing the State on this appeal.

The court also ruled on the extraordinary motion for new trial, finding that the remand from this Court was limited to the disqualification issue and that it had no jurisdiction to hear the ineffectiveness claim. The appeal was then redocketed in this Court.

1. Price's contention that his trial counsel and previous appointed appellate counsel were ineffective is procedurally barred by current appointed counsel's failure to raise this claim in a motion for new trial before filing the notice of appeal. The grant of an out-of-time appeal includes the right to file a motion for new trial. *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991). And failure to seize an opportunity to file such a motion for new trial is a bar to raising it on appeal. *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996). In *Glover*, the Supreme Court overruled the line of cases that held that "new appellate counsel may bypass an opportunity to raise ineffectiveness of trial counsel before appeal by way of a motion for

new trial and then raise the issue on appeal and be entitled to a remand to the trial court for a resolution of the issue." Id. at 184, n. 6. Although in *Glover* the Supreme Court allowed a remand because it was not previously known that no remand was available, id. at 184-185 (2), that rule has been in place sufficiently long to bar such a remand in this case. Although it is true that appellate counsel raised this claim in the trial court, he did not do so before first filing the notice of appeal. This issue was therefore waived.

2. The cases cited by Price direct that when the constitutional right to assistance of appointed counsel on appeal is violated, the remedy consists of the appointment of counsel and the right to an out-of-time appeal. See, e.g., *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141) (1974); *Roberts v. Caldwell*, 230 Ga. 223 (196 SE2d 444) (1973). Since counsel has been appointed for Price and he has been granted the right to an out-of-time appeal, the wrong has been remedied and his contention has no merit.

3. Price's contention that the trial court denied his motion for severance of parties is belied by the record, which shows that he made no such motion. At the beginning of the trial, counsel for Price's brother Charles, his co-defendant, moved for severance based upon the fact that evidence would be introduced regarding physical abuse of the child victims by appellant, which would prejudice Charles's defense. Price raised no objection when the trial court denied Charles's motion and did not himself move for severance. He has therefore shown no basis for appealing the trial court's ruling. *Holland v. State*, 197 Ga. App. 496, 497 (1) (398 SE2d 810) (1990).

4. Price raises the general grounds. At trial, the seven-year-old female victim testified that Price and his brother touched her "private" with their fingers and forced her to commit oral sex. She also testified that she committed oral sodomy with her own half-brother, Price's son, while Price and his brother watched because she feared if they did not, Price would "whoop" her half-brother with a belt buckle. Her brother testified that he witnessed Price and Charles each commit oral sodomy with his sister. A DFACS investigator and an investigator for the Lumpkin County Sheriff's Department both testified at trial that the seven-year-old victim told them of sexual abuse. An audiotape of a DFACS interview with the seven-year-old female victim in which she described the molestation was introduced at trial and played for the jury. A psychologist testified that the seven-year-old exhibited characteristics of an abused child.

Any inconsistencies in the testimony or between the testimony at trial and the taped testimony goes only to the credibility of the witnesses, which was for the jury to weigh. *Ramsey v. State*, 214 Ga. App. 743, 744 (1) (448 SE2d 790) (1994). This evidence was sufficient to authorize the jury to convict Price of the charged crimes under the

standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED AUGUST 15, 1997.

*John R. Burdges*, for appellant.

*Albert F. Taylor, Jr.*, District Attorney, *Mary E. Moore, Darrell E. Wilson*, Assistant District Attorneys, for appellee.