FOURTH DIVISION
RICKMAN, P. J.,
MERCIER and PINSON, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 12, 2022

# In the Court of Appeals of Georgia

A21A1406. BETTERSON v. THE STATE.

MERCIER, Judge.

Following a jury trial, Travis Betterson was convicted of kidnapping with bodily injury, hijacking a motor vehicle, aggravated battery, and three counts of possession of a firearm by a convicted felon during the commission of a crime. Betterson appeals, arguing that the trial court erred in admitting certain evidence and in refusing to strike three jurors for cause. He also argues that the case should be remanded for a hearing on his ineffective assistance of counsel claim. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict, see *Davenport v. State*, 309 Ga. 385, 386 (846 SE2d 83) (2020), the evidence shows that Betterson and the victim were

romantically involved. Betterson often used the victim's car and typically picked her up at the end of her overnight shift as a registered nurse at a hospital in Savannah.

On the morning of June 9, 2016, Betterson was 30 minutes late picking the victim up from work. When Betterson arrived in the victim's car, she expressed irritation, and Betterson explained that he had overslept. Betterson drove them to a nearby gas station, where he stopped for gas. They argued at the gas station, and Betterson became agitated. The victim requested that Betterson take her to his parents' house so that she could rest. She also asked him for her car keys, but he refused to give them to her and grew angrier as they stood outside the car. Betterson struck the victim several times in the face with his fist. He then told her that he would drive her to his parents' house. As the victim entered the passenger seat of her car, she noticed that Betterson had a gun in his pocket, and he pulled his shirt to the side so that she could clearly see it.

Betterson yelled angrily at the victim while driving away from the gas station, and he did not take her to his parents' house. Instead, he called another woman on his phone and stated that if the woman "wanted him to, he'd just kill [the victim]." He then pointed to a marshy area and told the victim: "I'm going to leave you [there] and ain't nobody going to find you." Betterson stopped the car on the side of the road two

times and hit her in the face. When he stopped for a third time, the victim grabbed the car keys from the ignition, but Betterson hit her and recovered the keys. He then dragged her from the car by her hair, kicked her, spit on her, and left her on the ground before driving away. A bystander called the police, and the victim was transported by ambulance to the hospital, where she received treatment for multiple injuries, including a fractured bone near her left eye.

Based on the evidence presented, the jury found Betterson guilty of kidnapping with bodily injury, hijacking a motor vehicle, aggravated battery, and felon in possession of a firearm during the commission of a crime (three counts). The trial court denied Betterson's motion for new trial, and this appeal followed.

1. Betterson first argues that the trial court erred in admitting evidence of ammunition found when the police searched his parents' residence. Inside a closet in the house, officers found a 9-millimeter handgun that the victim identified as the weapon Betterson had with him on the date of the incident. They also recovered "a random [7.62-millimeter] round, which is a round . . . most commonly see[n] in larger [AK-47] rifles, mostly used by police and the military . . . [o]r gun enthusiasts."

Prior to trial, Betterson moved in limine to exclude evidence of the 7.62-millimeter round as irrelevant and prejudicial. Although not completely clear from the

3

record, it appears that the trial court denied the motion, and the evidence ultimately was admitted. Betterson now argues that the trial court should have excluded the evidence because it was irrelevant to the issues at trial and "did nothing more than suggest that [he] was a violent person — particularly where the bullet was connected to an AK-47 assault rifle."

The record before us does not disclose the basis for the trial court's ruling on Betterson's motion in limine. But even if the court erred in admitting evidence of the ammunition, any error was harmless and does not require reversal. See *Davenport*, supra at 389 (2). "A nonconstitutional error is harmless if it is highly probable that the error did not contribute to the verdict." Id. (citation and punctuation omitted). Although the State offered evidence that the lone 7.62-millimeter round was found at the home of Betterson's parents, it made no effort to link that ammunition to Betterson or the incident at issue here. On the contrary, the evidence showed that Betterson possessed a 9-millimeter handgun during the crimes for which he was indicted and that the "random [7.62-millimeter] round" fit a larger type of rifle. Moreover, Betterson did not live in the house where the ammunition was found.

Given the lack of evidence connecting Betterson to this ammunition, as well as the victim's testimony identifying Betterson as her attacker and describing the

4

handgun in his possession, we find it highly unlikely that admission of the 7.62-millimeter round influenced the jury's verdict. Accordingly, no reversible error occurred. See *Davenport*, supra at 389-390 (2); see also *Davidson v. State*, 304 Ga. 460, 465 (3) (819 SE2d 452) (2018) ("We are unconvinced that any error in the admission of [an alleged co-conspirator's] statement had an effect on the outcome of the trial.").

2. Next, Betterson argues that the trial court erred in refusing to strike for cause three jurors who, in his view, indicated during voir dire that they could not be fair and impartial at trial. A party moving to strike a potential juror for cause must show that the juror "holds an opinion so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Palmer v. State*, 330 Ga. App. 679, 683 (4) (769 SE2d 107) (2015) (citation and punctuation omitted). The trial court exercises its discretion in determining whether to strike a juror for cause, and we will not set aside that determination absent a manifest abuse of discretion. See id.

Voir dire was not transcribed, and the jurors' responses to the questions posed by the trial court and counsel during voir dire are not in the record. But the transcript contains the argument presented by Betterson's counsel as to why the three jurors

5

should be excused for cause, as well as the trial court's oral ruling on the motion to strike. Counsel asserted that each juror had described prior experiences that would hinder his or her ability to fairly and impartially decide the case. The trial court, however, rejected this argument, concluding from the jurors' demeanor and responses that they would be able to follow the court's instructions and objectively evaluate the evidence presented.

Betterson has not demonstrated any abuse of discretion here. Without a complete transcript, we cannot review the jurors' actual responses to the questions posed by counsel and the court. And we have no basis for rejecting the trial court's determination that these jurors ultimately indicated an ability to decide the case based on the evidence and the court's instructions. This claim of error, therefore, lacks merit. See *Palmer*, supra at 683-684 (4); see also *Bryant v. State*, 270 Ga. 266, 271 n.18 (4) (507 SE2d 451) (1998) ("If counsel raise issues on appeal relating to voir dire, they also must transcribe the voir dire in order for there to be an appellate review, as an appellant carries the burden of showing error by the record.").

3. Finally, Betterson requests that we remand the case to the trial court for a hearing on his ineffective assistance of counsel claim. The record shows that new counsel represented Betterson during the motion for new trial proceedings, and the

new attorney raised an ineffective assistance of counsel claim through an amendment to Betterson's motion for new trial. Prior to the new trial hearing, however, the attorney withdrew the amended motion and the ineffective assistance claim. Counsel explained at the new trial hearing that she had investigated Betterson's ineffective assistance allegations and determined that the claim was not viable. She noted that Betterson disagreed with her decision and wanted to pursue the claim, and the trial court allowed him to describe his allegations, which related to specific evidence that he asserted trial counsel should have presented at trial. The trial court informed Betterson that his attorney had withdrawn the ineffective assistance claim and that he could probably raise the issue "down the road." It then denied the motion for new trial without addressing ineffective assistance.

Betterson now argues through new appellate counsel that trial counsel and his motion-for-new-trial counsel provided ineffective assistance by (1) not presenting certain evidence at trial, and (2) failing to raise the ineffective assistance claim in his motion for new trial. But it is axiomatic that "a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment." *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996) (citation and punctuation omitted). Although Betterson had the opportunity to challenge the effectiveness of trial counsel at the

new trial stage, he failed to do so. His claim with respect to trial counsel, therefore, has been waived. See *Elkins v. State*, 306 Ga. 351, 361 (4) (a) (830 SE2d 217) (2019); *Glover*, supra.

Moreover, any claim that the attorney who represented Betterson at the motion for new trial performed deficiently by not raising an ineffective assistance claim is also procedurally barred. As our Supreme Court has explained:

We do not allow a defendant to resuscitate a specific claim of ineffective assistance of trial counsel that was not raised at the motion for new trial stage by recasting the claim on appeal as one of ineffective assistance of motion-for-new-trial counsel for failing to raise the specific claim of trial counsel's ineffectiveness.

*Elkins*, supra at 362 (4) (b). See also *Williams v. State*, 270 Ga. App. 371, 372 (2) (606 SE2d 594) (2004) ("A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel.") (citation and punctuation omitted). If Betterson "wishes to pursue a claim that his motion-for-new-trial counsel was ineffective in this regard, he must do so through a petition for a writ of habeas corpus." *Elkins*, supra.

*Judgment affirmed. Rickman, C. J., and Pinson, J., concur.*