A91A0381. BROWN v. THE STATE.
(406 SE2d 516)

POPE, Judge.

Defendant Carlton Brown was convicted of armed robbery and appeals. *Held*:

1. Defendant asserts for the first time on appeal that his trial counsel was ineffective. The record shows defendant's trial counsel filed a motion for out-of-time appeal which was granted on April 6, 1989. Trial counsel filed the notice of appeal on April 11, 1989.

Because appellate counsel was retained during the pendency of the appeal, we must remand the case to the trial court for a hearing and entry of appropriate findings of fact on the issue of ineffective assistance of trial counsel. See *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986); *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863) (1990); *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989); cf. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991)

(which states the procedure to be followed when permission to file an out-of-time appeal is granted and appellate counsel is appointed prior to the filing of the notice of appeal). If defendant prevails on this issue, he will be entitled to a new trial. If he does not, he has a right to appeal that order within 30 days after it is entered. See *Ponder v. State*, 199 Ga. App. 630 (___ SE2d ___) (1991), enforcing *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991).

2. Defendant next contends the trial court erred in conducting the trial in his absence. The record shows defendant, who was present when the jury was selected and sworn, failed to return to court on the first day of trial. Both the trial judge and defendant's attorney had instructed defendant, who was free on bond, to return to court for the trial. Defendant's attorney, who could not account for defendant's whereabouts, requested a continuance which the trial court denied.

Defendant appeared at the sentencing phase of the proceedings and testified that the evening before trial he had taken some medication because he was suffering from flu-like symptoms. Defendant further testified that this medication, which he obtained from a friend, caused him to sleep until late in the afternoon of the day of trial. Defendant stated that when he found out the next morning that he had been found guilty he decided to go into seclusion to get his thoughts together, but later voluntarily turned himself in to authorities.

"This case is factually indistinguishable from *Byrd v. Ricketts*, 233 Ga. 779 (213 SE2d 610) (1975), in which it was held that '(c)onfrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from trial. (Cits.)' Id. at 780. *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985), . . . is distinguishable from the case sub judice in that the defendant therein voluntarily absented himself prior to trial before jeopardy attached. We find no error in the trial court's denial of the motion for continuance." *Edwards v. State*, 188 Ga. App. 667, 670 (5) (374 SE2d 97) (1988).

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1991.

*Michael J. Classens*, for appellant.

*J. Lane Johnston, District Attorney, Jack B. Williamson, Jr., Assistant District Attorney*, for appellee.