A95A2804. YANCEY v. THE STATE.
(464 SE2d 245)

BLACKBURN, Judge.

Eric Yancey appeals his conviction of two counts of armed robbery. Yancey was tried with a co-defendant who is not involved in this appeal. In Yancey's two enumerations of error, he contends the trial court abused its discretion by failing to continue the trial against him upon his absence therefrom.

The record is clear that on the second day of trial, Yancey was present but was suffering from the effects of his voluntary ingestion of an overdose of Tylenol which required several interruptions of the trial. After several interruptions within the first hour, the trial court adjourned the trial for the day and ordered Yancey, who was free on bond, to seek medical attention. Yancey's counsel agreed with the adjournment stating, "[w]e have no other choice I feel." Later that day, Yancey was admitted to the hospital and diagnosed with a Tylenol overdose. Yancey was not present at trial the next morning, and his counsel objected to the continuation of the trial in his absence on the ground that he was a necessary witness. The trial court determined that Yancey's absence from court was voluntary due to his ingestion of an overdose of Tylenol. On appeal, Yancey argues that the trial court violated his federal and state constitutional right to confront the witnesses called against him.

Yancey's right of confrontation and his right to testify are rights which are waived by his voluntary absence from the trial. See *Taylor v. United States*, 414 U. S. 17 (94 SC 194, 38 LE2d 174) (1973); *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975). Furthermore, "[t]he burden of determining the cause of the defendant's absence was on his counsel, not on the trial judge." *Smith v. State*, 139 Ga. App. 515, 517 (228 SE2d 705) (1976).

In the present case, Yancey's counsel presented the court with a document signed by Yancey's doctor in which the doctor stated that Yancey was presently hospitalized in the intensive care unit for a Tylenol overdose. The doctor further stated that the hospitalization was indefinite and the discharge date and prognosis were unknown. Yancey's counsel stated that Yancey did not take the Tylenol with the purpose of absenting himself from the trial, but that Yancey had an upset stomach and a headache and took the Tylenol for these ailments. Therefore, he argued that Yancey's absence was not voluntary. We cannot agree.

All the evidence presented on this issue indicated that Yancey voluntarily took enough Tylenol to rise to toxic levels in his blood thereby causing his hospitalization. His purpose for taking the Tylenol is not in issue. The purpose of the defendant's ingestion of medication was not in issue in *Brown v. State*, 199 Ga. App. 856 (2) (406 SE2d 516) (1991), where the defendant, who was suffering from flu-like symptoms, took medication he received from a friend. After the defendant was absent from his trial, he testified at the sentencing hearing that the medication "caused him to sleep until late in the afternoon [on] the day of trial." Id. at 857. Therein we determined that the defendant had voluntarily absented himself after jeopardy had attached. Id. The present case is indistinguishable.

The trial court did not abuse its discretion in denying Yancey's counsel's motion for continuance upon Yancey's absence from trial caused by his voluntary ingestion of an overdose of Tylenol.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 17, 1995.

*Carla J. Friend*, for appellant.

*Lewis R. Slaton, District Attorney, William F. Riley, Jr., Charles E. Rogers II, Rebecca A. Keel, Assistant District Attorneys*, for appellee.