A02A1500. PHOUKPHANH v. THE STATE.
(569 SE2d 259)

BLACKBURN, Chief Judge.

Following a jury trial, Anousone Phoukphanh appeals his convictions for the false imprisonment of Young Uhl and Angie Park, contending that the evidence was insufficient to support the verdict. We disagree and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Phagan v. State.*[2]

In the light most favorable to the verdict, the record shows that, on the morning of June 12, 2000, Uhl and Park were working in the kitchen of the Good Natural Spa massage parlor. At that time, Phoukphanh entered the kitchen brandishing a gun, and he admon-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

ished Uhl and Park not to move. Phoukphanh briefly left the room, tied up a co-worker of Uhl and Park, and then returned to the kitchen. While Phoukphanh was out of the room, Uhl pressed a silent security alarm alerting police. After his return, Phoukphanh tied both Uhl's and Park's hands with telephone cords.

Phoukphanh then left the kitchen once again. While he was away, Uhl fled the building and ran to her manager's office which was nearby. The manager untied Uhl's hands and followed her back to the massage parlor. At that time, they witnessed police entering the building. Uhl then saw two men running out of the massage parlor toward an abutting trailer park. Police subsequently caught Phoukphanh and arrested him as one of the assailants. Uhl positively identified Phoukphanh as the gunman both at the scene and during trial.

Park, the owner of the massage parlor, corroborated Uhl's testimony. Shortly after Uhl fled the building, Park followed suit. She then took refuge with Uhl while the police entered the building. Park also positively identified Phoukphanh as the gunman who entered the kitchen that morning.

Officer Sean Hill testified that Sumruay Chermhunthud, Phoukphanh's co-defendant, told him that he and Phoukphanh planned to rob the massage parlor earlier that day. Chermhunthud also stated that he witnessed Phoukphanh tie up Uhl and Park, and Phoukphanh then instructed him to search through the massage parlor for money.

OCGA § 16-5-41 (a) provides: "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." The evidence discussed above was sufficient to support the jury's determination that Phoukphanh illegally detained both Uhl and Park by tying them up and ordering them not to move.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 16, 2002.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.