## A04A0486. STEWART v. THE STATE.
(598 SE2d 837)

BLACKBURN, Presiding Judge.

A jury convicted William Richard Stewart of battery,[1] false imprisonment,[2] simple assault,[3] and two counts of criminal trespass.[4] He was acquitted on rape, burglary, aggravated stalking, and kidnapping. Stewart appeals, contending: that (1) the trial court improperly denied him his constitutional right to self-representation; (2) the evidence was insufficient to sustain his conviction for false imprisonment; and (3) the trial court erred in denying his motion for

---

a new trial. Finding no merit in Stewart's contentions, we affirm.

1. Stewart contends that the trial court improperly deprived him of his constitutional right to self-representation because the trial court did not hold a hearing on his competency to represent himself and did not make him "aware of the dangers and disadvantages of self-representation so that the record would establish that he knew what he was doing and that his decision was made with open eyes."

The record shows that in the middle of the second day of his trial, after the State had presented its first witness,[5] Stewart asked to address the court. Stewart stated that there were certain questions his counsel, Alden Snead, had not asked the witness that he thought should have been asked. Each of the questions raised by Stewart dealt with the rape charge contained in the indictment against him. After a discussion of his proposed questions with his counsel and the court, Stewart stated, "Well, your honor, okay, if I'm facing life in prison without parole, if I have to, I would rather go on without Mr. Snead because I'm facing life without [parole], if I'm found guilty." The trial court refused to allow Stewart to fire his counsel in the middle of the trial, finding that his request was not timely and that he was not competent to represent himself. We note that Stewart was acquitted on the rape charge and can show no injury for the court's ruling on the issue.

It is true that "[a]n unequivocal assertion of the right to represent oneself, *made prior to trial*, should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation." (Emphasis supplied.) *Thaxton v. State*.[6] However, there is no such requirement where the request for self-representation is made, as it was here, after the trial had begun. "A request for self-representation must be made *before* trial. The denial of such a request made after the beginning of trial is not reversible error. A defendant 'cannot frivolously change his mind in midstream by asserting his right to self-representation in the middle of his trial.' " *Mallory v. State*.[7] Stewart's request was neither unequivocal nor timely. The trial court did not err in refusing to allow Stewart to fire his counsel in the middle of the trial.

2. Stewart contends that the evidence was insufficient to sustain his false imprisonment conviction. We do not agree.

---

[5] The State's first witness was the victim of Stewart's crimes, his ex-wife.

[6] *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990).

[7] *Mallory v. State*, 225 Ga. App. 418, 422 (4) (483 SE2d 907) (1997).

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[8] Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Phoukphanh v. State*.[9] "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). As the statute does not require that the imprisonment be for a specific length of time, a brief detention can constitute false imprisonment. *Rehberger v. State*.[10]

There is ample evidence in the record to sustain Stewart's false imprisonment conviction. Stewart's ex-wife testified that Stewart beat her, sexually assaulted her, and bound her hands, knees, ankles, and mouth with duct tape. Stewart cut the tape off of her a short time later, apologized to her, and asked her not to call the police. The police officers who were called to the scene testified that they observed that the victim had red marks on her face and a swollen right eye. The officers also observed residue of the duct tape around the victim's wrists and legs. The police found scraps of duct tape and a roll of duct tape in the victim's bedroom. The police collected the duct tape scraps and the roll of duct tape from the crime scene and these items were introduced into evidence at the trial. Photographs taken of the victim at the crime scene, showing the duct tape residue on her wrists and knees, were also admitted into evidence. This evidence was sufficient to authorize the jury to convict Stewart of false imprisonment. See *Phoukphanh*, supra.

3. Stewart contends that the trial court erred in denying his motion for a new trial. Stewart's motion for new trial was based on three arguments: (1) that Stewart's trial counsel was ineffective; (2) that Stewart was deprived of his right to self-representation; and (3) that there was insufficient evidence to sustain Stewart's false imprisonment conviction. Stewart did not offer any argument or citation

---

[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] *Phoukphanh v. State*, 256 Ga. App. 580 (569 SE2d 259) (2002).

[10] *Rehberger v. State*, 235 Ga. App. 827, 828 (1) (510 SE2d 594) (1998).

of authority in this Court on the ineffectiveness of counsel issue. Therefore, that issue is deemed abandoned. See Court of Appeals Rule 27 (c) (2); *Thompson v. State.*[11] This Court has already rejected the latter two grounds on their merits; the trial court did not err in denying Stewart's motion for new trial on these grounds.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 14, 2004.

*Hurl R. Taylor, Jr.,* for appellant.

*Jeffrey H. Brickman, District Attorney, Ingrid D. Skidmore, Fatima E. Ziyad, Assistant District Attorneys,* for appellee.

---

[11] *Thompson v. State,* 262 Ga. App. 17, 21 (6) (585 SE2d 125) (2003).