A04A2202. COLEY v. THE STATE.
(612 SE2d 608)

BARNES, Judge.

Corey Dewayne Coley appeals his convictions, after a jury trial, for nine counts of armed robbery, three counts of kidnapping with bodily injury, two counts of kidnapping, three counts of rape, and one count of aggravated sodomy. On appeal Coley contends the trial court erred by failing to hold a hearing on his request for a different defense counsel, by denying his motion for a new trial based on the ineffectiveness of his defense counsel, by continuing the trial in Coley's absence, by denying his motion for a mistrial after one of the victims allegedly suffered a panic attack, and by denying Coley's motion for a directed verdict on the aggravated sodomy count. Finding no reversible error, we affirm.

The principles applicable to appellate review of criminal convictions are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that late one evening Coley and three others, two men and one woman, entered a restaurant. Coley and the others bound and gagged the restaurant employees. Coley and his co-defendant went into a women's restroom where they found three women. They bound the women and the co-defendant raped each of them and Coley raped one of the women after his co-defendant had raped her. All the victims were robbed at gunpoint. After he was apprehended, Coley admitted his participation in the crimes that occurred in the restaurant.

1. Coley alleges that the trial court erred by failing to hold a hearing on his request for a different defense counsel or to allow him to represent himself. According to Coley, he requested new counsel after jury selection and the trial court denied his request without conducting a hearing. Review of the transcript, however, shows that Coley initially complained that he had not selected the jury. Then, Coley asked, "Can I get a new lawyer?" The judge asked for reasons why Coley wanted a new lawyer, and Coley said that he and his lawyer were failing to communicate. According to Coley, his attorney did not listen to the advice he offered and did not ask which jurors he wanted to keep. Finding the reasons Coley stated were not sufficient to warrant replacing his defense counsel, the trial court denied his request. After Coley's defense counsel explained the reasons for some of their differences in selecting the jury, Coley slapped a water pitcher that struck his defense counsel and shoved his table; a stun gun was employed. Coley was removed from the courtroom and the court recessed for the day. The next day the court appointed co-counsel to facilitate communications between Coley and appointed counsel.

The next day Coley started acting as if he were not coherent, and he physically resisted coming into the courtroom. Also, after he left the courtroom the day before, Coley told the person transporting him that he caused the disturbance to get another lawyer.

The court also informed Coley that it would permit no further disturbances, and if he misbehaved again he would be placed in a holding cell. In addition, Coley was placed in leg irons and a stun belt. The court also noted for the record that the jury was not present and was not present when Coley "acted out yesterday."

Although the trial court did not hold an evidentiary hearing, it is not correct to say that no hearing was held. Instead, the trial court considered the basis for Coley's request, and then denied it. In those circumstances, Coley's enumeration of error asserting this issue is without merit because the trial court did hold a hearing. Additionally,

we note that this was Coley's second defense counsel, because new counsel was appointed after he expressed his dissatisfaction with his first appointed counsel.

We also fail to find support in the record that Coley made an "unequivocal assertion" of his right to represent himself. See *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). "While [Coley's] remarks may be construed as an expression of dissatisfaction with his attorney, they cannot be construed as an assertion, much less an unequivocal assertion, of his right to represent himself." Id. Coley's statement that he wanted to pick the jury came in the context of his expression of dissatisfaction with his defense counsel, and his trial defense counsel testified that he had never requested to represent himself.

Additionally,

> there is no such requirement where the request for self-representation is made, as it was here, after the trial had begun. A request for self-representation must be made *before* trial. The denial of such a request made after the beginning of trial is not reversible error. A defendant cannot frivolously change his mind in midstream by asserting his right to self-representation in the middle of his trial. [Coley's] request was neither unequivocal nor timely. The trial court did not err in refusing to allow [Coley] to fire his counsel [after the trial had started].

(Citation and punctuation omitted; emphasis in original.) *Stewart v. State*, 267 Ga. App. 100, 101 (1) (598 SE2d 837) (2004).

Accordingly, this enumeration of error is without merit.

2. Coley further alleges the trial court erred by denying his motion for a new trial based on the ineffectiveness of his defense counsel. Coley asserts that his defense counsel was ineffective because she failed to request a hearing on Coley's competence when she knew or should have known that he was incompetent to continue with the proceedings.

To prevail on this issue, Coley has the burden of establishing that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense. He also had to show there was a reasonable probability the result of his trial would have been different but for his defense counsel's unprofessional deficiencies. *Spencer v. State*, 275 Ga. 192, 193 (2) (563 SE2d 839) (2002).

We are satisfied that Coley has not met his burden under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), of showing that his counsel's performance was deficient and that this deficient performance prejudiced his defense.

At the hearing on this motion, Coley's defense counsel testified that she had no reason to believe that Coley was incompetent to go to trial because she viewed his actions to be part of his "series of stunts to get attention and to delay the inevitable." Further, she testified that Coley showed "signs of intoxication when he thought it was his advantage to do so," and she did not believe that he took Thorazine as he claimed. Additionally, she requested a full psychological evaluation before trial, and Coley was found competent to stand trial.

Counsel also testified that she had been practicing primarily as a criminal defense attorney for 14 years and has been a member of the Georgia Bar for 27 years and that she had

> dealt with many, many, many, many people with different kinds of psychological problems, mental retardation, mental illness, personality disorders, et cetera. And I'm very sensitive to those issues. And Mr. Coley at no time during the time that I represented him, from I believe March on 'til — at the conclusion of the trial, ever displayed any symptoms that he was not competent to stand trial.

Moreover, the trial judge stated on the record that she too had observed his conduct during the trial and also believed that Coley was feigning incompetency. Under this evidence, the trial court's ruling on Coley's claim of ineffectiveness of counsel was not clearly erroneous.

3. Coley further alleges that the trial court erred by continuing the trial in his absence. The transcript shows that Coley refused to attend the trial other than during closing argument and another short period during trial. The record shows that Coley was repeatedly advised of his right to be present at trial, and he refused to attend. On the other hand, when he wanted to do so, Coley attended the trial. The trial court instructed the jury that they were not to consider Coley's absence in their deliberations. We find no error. Coley was voluntarily absent from the trial, and thus he waived his right to be present. *Yancey v. State*, 219 Ga. App. 116 (464 SE2d 245) (1995).

4. Coley also alleges the trial court erred by denying his motion for a mistrial after one of the victims allegedly suffered a panic attack. The record shows that one of the victims of the sexual assaults was testifying when she paused and said, "I'm sorry." The prosecutor immediately suggested to the court that "it might be a good time for a break" and a recess was taken.

The prosecutor argued that the victim's actions had no "prejudicial impact on the jury. This was the same as anytime a victim or a witness becomes somewhat emotional and the Court takes a recess for the victim to regain her composure. That's exactly what happened

here." Coley did not rebut the prosecutor's comments and nothing in the record shows that whatever happened was different from the prosecutor's description. The trial court denied the mistrial. Whether to grant a mistrial is within the sound discretion of the trial court and the court's ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470, 478 (12) (285 SE2d 508) (1981). Under the circumstances, we find no abuse of discretion, and, hence, no error.

5. Coley contends the trial court erred by denying his motion for a directed verdict on the aggravated sodomy count because the evidence was insufficient to convict him of that crime. The thrust of Coley's argument on appeal is that the aggravated sodomy was committed by his co-defendant and was not an act pursuant to the armed robbery that they had agreed to commit.

A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

Viewed in the light most favorable to the verdict, the evidence shows that Coley and his co-defendant, in addition to the armed robberies, also sexually assaulted three victims, and that it was in the course of these rapes, including one instance in which they took turns raping one victim, that the aggravated sodomy was committed. Therefore, the jury could reasonably find that Coley and his co-defendant had a common criminal intent to commit these sexual assaults, and Coley could be found guilty of the act performed by the co-defendant as a party. OCGA § 16-2-20; *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982). "The elements of proof that one is a party to a crime or an accomplice requires proof of a common criminal intent," and "[c]riminal intent may be inferred from one's conduct prior, during, and after the commission of the crime charged." Id. Given the conduct of Coley and his co-defendant, ample evidence supports his conviction of this crime.

This enumeration of error also is without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 24, 2005.

*Renate D. Moody,* for appellant.
*Howard Z. Simms, District Attorney,* for appellee.