A05A0722. GUZMAN v. THE STATE.
(616 SE2d 142)

BERNES, Judge.

A Murray County jury convicted Arcadio Guzman of three counts of aggravated sodomy and three counts of aggravated child molestation.[1] Guzman appeals challenging the sufficiency of the evidence to support his convictions and alleging error in the trial court's denial of his motion for continuance and in the trial court's admission of child hearsay evidence. Because these claims of error are without merit, we affirm.

Viewed in a light most favorable to the verdict, *Phoukphanh v. State*, 256 Ga. App. 580 (569 SE2d 259) (2002), the evidence shows that on the morning of February 18, 2002, the child victim, then age five, told his mother that his stepfather, Guzman, whom he called "Poppy," had forced him to "suck his thing[ ]" the previous night. The child said that the incident occurred in the couple's bedroom while his mother worked on the computer in an adjacent room.

Following this initial disclosure of abuse, the child's mother called her sister who lived nearby. When the sister arrived, the child, without being prompted, repeated the claim that he had made to his mother. The mother then called the police, and in a videotaped interview conducted by a forensic interviewer with The Greenhouse ("Greenhouse"), a child advocacy center serving Whitfield and Murray counties, the child again stated that Guzman made him "suck his thing." The child described Guzman's penis as soft at one point, but sticking up at another. The child stated that Guzman's penis tasted

---

[13] See generally *Walston v. White*, 213 Ga. App. 441, 443 (444 SE2d 855) (1994).

[1] Because the acts of sodomy involving the child were necessary to prove the allegations of both offenses, the trial court found that Guzman's aggravated child molestation convictions merged with his aggravated sodomy convictions, and sentenced him accordingly. See *Heidler v. State*, 273 Ga. 54, 64 (15) (537 SE2d 44) (2000).

like potatoes; that Guzman also had sucked his penis; and that Guzman had put his penis in his butt.

Later, the child reiterated these claims to hospital staff as part of a sexual abuse examination. While this examination revealed that the child had not been injured, the attending physician opined that injuries are rare in child molestation cases, particularly in cases where the allegations are of touching or oral sex with no claim of pain or bleeding.

Murray County's Department of Family and Children Services ("DFCS") established a safety plan for the child's protection, and the child began therapy through Greenhouse. DFCS closed its case in March 2002 after learning that Guzman had returned to Mexico. A few weeks later, Guzman returned from Mexico. He resumed communication with the child's mother when she attempted to serve him with divorce papers. Guzman did not approve of the victim's ongoing therapy and pressured the mother to stop taking him to it. In May 2002, the mother allowed Guzman to return to the home.

The reunited family moved twice in the summer of 2002, first to a second residence in Murray County and then to a third in Whitfield County. In September 2002, a Whitfield County DFCS case manager made an unannounced home visit to the mother and saw the child at school the same day. Unaware that the Murray County DFCS safety plan provided, among other things, that Guzman could not be in the home or around the child, Whitfield County's case manager developed a new safety plan, which required that the child not be left unsupervised around Guzman and that the child return to therapy at Greenhouse.

When his therapy resumed at Greenhouse on October 21, 2002, the child's therapist asked why children came to Greenhouse. The child replied that it was because "somebody touched their things like Poppy did." When asked the last time that Guzman had touched him that way, the child said, "Yesterday." The child then demonstrated with his hands how he had been pushed down to perform oral sodomy.

Upon learning of this disclosure of abuse by the child, the Murray County Sheriff's Department reopened its criminal investigation. With the cooperation of Guzman's trial counsel, the sheriff's department arranged for a polygraph examination by a Spanish-speaking polygrapher in the office of the investigating detective. Guzman scored as "highly deceptive" to the following questions: "Did you put penis in the [child's] mouth?" and "Did you touch [the child] on any part of the [child's] mouth?" Guzman scored as "deceptive" to the question, "Did you touch [the child] on any part of his butt with your penis?" His response to the question, "Did you make [the child] suck

on your penis?" was inconclusive.[2]

Following the child's second disclosure of abuse, his therapy at Greenhouse continued on a monthly basis through October 13, 2003. During these sessions, the child consistently expressed love for Guzman tempered by resentment associated with what Guzman had done to him.

1. Guzman contends the trial court erred in denying his motion for continuance made after the trial court excused a juror for a medical emergency and seated an alternate juror. Guzman argued a continuance was necessary so a new jury could be selected.[3] He contended the alternate juror had made statements during the voir dire examination indicating that she tended to believe the results of polygraph examinations. He further asserted that the alternate juror's presence would be "detrimental" to his client. A review of the record reveals that Guzman had not voiced any objection to this juror during the jury selection process and at no time moved to have the juror excused for cause.

We find that under these circumstances, the trial court did not abuse its discretion in denying Guzman's motion for continuance. See *Phillips v. State*, 275 Ga. 595 (2) (571 SE2d 361) (2002) (Defendant waived claim that trial court erred in failing to excuse juror for cause where defendant did not move to excuse juror for cause during voir dire examination.); *Nixon v. Rosenthal*, 214 Ga. App. 446 (1) (448 SE2d 45) (1994) (" '[A] challenge to the alleged use of racially discriminatory peremptory challenges . . . should be raised no later than would preserve the opportunity to correct any violation without resetting the trial.' ").

2. Guzman next contends the trial court erred in admitting under OCGA § 24-3-16 testimony of the child's Greenhouse therapist. Specifically, Guzman complains that the therapist improperly testified about an out-of-court statement by the child to the effect that Guzman had "put his thing in [his] mouth." Guzman argues that such testimony was inadmissible because it was not spontaneous and the trial court made no finding that the statement was reliable. We disagree.

In *Gregg v. State*, 201 Ga. App. 238, 239-241 (3) (411 SE2d 65) (1991), this Court outlined ten factors that may be considered in determining whether a child's out-of-court statement is reliable.[4] Further, we held that

---

[2] The results of the polygraph were admitted at trial pursuant to a pre-trial stipulation.

[3] While Guzman objected to the excusal of the juror for the medical emergency and to the seating of the alternate juror, Guzman does not enumerate as error the trial court's actions with respect to either of the two jurors.

[4] The factors which the court may consider, when applicable, include but are not

while the [trial] court must find that the circumstances of the [child hearsay] statement provide sufficient indicia of reliability, such finding is not a *condition precedent* to the admissibility of the statement; rather, this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding.

(Emphasis in original.) Id. at 239 (3) (a); *Baker v. State*, 252 Ga. App. 238, 241 (1) (b) (555 SE2d 899) (2001). We conclude that the record in this case would support a finding that the child's statement made to the therapist was reliable. The child's statement was made in a child-friendly, one-on-one therapy session, not an investigative interview. Moreover, the statement was made in response to a nonleading, open-ended question posed by the Greenhouse therapist, who asked the child, "Do you remember things about Poppy?"

Additionally, several other witnesses testified without objection to similar statements made by the child. The child's medical records and a videotape interview, both of which were admitted by stipulation, also contain similar statements made by the child. Thus, the challenged testimony was cumulative of other properly admitted testimony and any error in its admission was harmless. *Letlow v. State*, 222 Ga. App. 339, 345 (4) (474 SE2d 211) (1996).

3. Finally, Guzman contends the evidence was insufficient to support his convictions for aggravated sodomy[5] and aggravated child molestation.[6] Notwithstanding Guzman's denials to the contrary the record shows opportunity, consistent allegations of oral and anal sodomy made by the victim to multiple parties, and deception by Guzman when asked about the charged offenses during a polygraph

---

limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and the type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.]

*Gregg v. State*, supra at 240 (3) (b).

[5] "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a).

[6] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

examination. It is the function of the jury, not this Court, to assess the credibility of witnesses and weigh the evidence. *Williams v. Kennedy*, 240 Ga. 163, 165 (4) (240 SE2d 51) (1977). And, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Accordingly, we find any rational trier of fact could have found Guzman guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 21, 2005.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.