## A07A1558. PULLIAM v. THE STATE.

(653 SE2d 65)

MILLER, Judge.

Following a jury trial, Gregory Pulliam was convicted of trafficking in cocaine and obstruction of an officer. He now appeals from the trial court's denial of his motion for a new trial, alleging that he was wrongfully deprived of his constitutional right to represent himself. Discerning no error, we affirm.

Where, as here, there are no disputed facts, we review de novo the trial court's application of the law to those facts. See, e.g., *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record before us shows that on the morning of trial, after the jury was sworn but before voir dire had begun, Pulliam attempted to speak to the trial judge. Aware that potential jurors were present, and afraid that Pulliam might make a prejudicial remark in front of them, the trial judge stopped Pulliam from speaking and told him to communicate through his lawyer. Pulliam's trial counsel, Steven Frey, thereafter requested a bench conference, at which he told the trial judge and the prosecutor that Pulliam wished to dismiss him as his attorney. The trial judge did not act on this request, reasoning that because the jury had already been introduced to Frey as Pulliam's trial attorney, it could prejudice Pulliam if Frey then failed to conduct his defense.

After the jury had been selected, the trial court held a brief hearing on Pulliam's request to dismiss Frey as his trial counsel. When asked what the problem was, Pulliam replied "ineffective counsel," and complained that he had been unaware that his case had been "scheduled" for trial until the previous day and that he lacked civilian clothes.[1]

Although Pulliam never explicitly stated that he wanted to represent himself, the trial court treated his desire to dismiss Frey as his lawyer as such a request, ruling "to the extent that [this] is a motion [by Pulliam] to represent himself, that is denied as being untimely." In so holding, the trial court acknowledged that an individual has a constitutional right to represent himself, but noted that such motions had to be made prior to trial. On appeal, Pulliam argues that this ruling constitutes reversible error. We disagree.

To assert reversible error resulting from a trial court's denial of his motion to proceed pro se, an appellant must demonstrate that his assertion of that right was "unequivocal" and made prior to the commencement of his trial. *Hayes v. State*, 203 Ga. App. 143, 144 (2) (416 SE2d 347) (1992). Pulliam claims that the trial court erred in

---

[1] Neither of Pulliam's complaints is supported by the record.

denying his motion as untimely, arguing that because his desire to dismiss Frey was communicated to the trial court before the jury was impaneled, his request to represent himself was made prior to trial. We need not address the timeliness of Pulliam's alleged motion, however, because the record reveals that he never unequivocally asserted his right to self-representation.

While the trial court treated Pulliam's expressed desire to dismiss Frey as a motion to proceed pro se,[2] the record reflects that even the trial court was unsure if Pulliam was seeking to represent himself, stating "[b]ut to the extent that [this] is a motion [by Pulliam] to represent himself, that is denied as being untimely." Notably, even at the hearing on Pulliam's motion for a new trial, Frey never testified that Pulliam wanted to proceed pro se. Rather, Frey's testimony reflects only that Pulliam desired to dismiss him as trial counsel.

More importantly, the record is devoid of any expression by Pulliam that he wanted to represent himself. Instead, it shows only that Pulliam wanted to dismiss Frey, based on his alleged failure to give Pulliam adequate warning of the trial date and Pulliam's apparent dissatisfaction with the footwear provided him for trial. "While [these] remarks may be construed as an expression of dissatisfaction with his attorney, they cannot be construed as an assertion, much less an unequivocal assertion, of [Pulliam's] right to represent himself." (Citation and punctuation omitted.) *Coley v. State*, 272 Ga. App. 446, 448 (1) (612 SE2d 608) (2005).

Given that Pulliam never unequivocally asserted his right to self-representation, the trial court did not err in refusing to allow Pulliam to dismiss his trial counsel, and we therefore affirm the trial court's order denying Pulliam's motion for a new trial.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 5, 2007 —
RECONSIDERATION DENIED OCTOBER 2, 2007 ■

*Amanda R. Batchelor*, for appellant.

*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney*, for appellee.

---

[2] We note that where a defendant dismisses his attorney immediately before trial, he is deemed to have waived his right to counsel, and may be forced to proceed pro se. See, e.g., *Hobson v. State*, 266 Ga. 638, 639 (2) (469 SE2d 188) (1996); *Jefferson v. State*, 209 Ga. App. 859, 861 (434 SE2d 814) (1993). We presume the trial court's treatment of Pulliam's motion resulted from this rule.